JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Wright | Ristorante La Buca, Inc. |

| (b) County of Residence of First Listed Plaintiff   Philadelphia, PA | County of Residence of First Listed Defendant   Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Kalikhman & Rayz, LLC<br>1051 County Line Road Suite A Huntingdon Valley, PA 19006<br>(215) 364-5030 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
  Plaintiff

☒ 3  Federal Question
  *(U.S. Government Not a Party)*

☐ 2  U.S. Government
  Defendant

☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Matters<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>  Act |
| **REAL PROPERTY** | | | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | ☒ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
  Proceeding

☐ 2 Removed from
  State Court

☐ 3 Remanded from
  Appellate Court

☐ 4 Reinstated or
  Reopened

☐ 5 Transferred from
  Another District
  *(specify)*

☐ 6 Multidistrict
  Litigation -
  Transfer

☐ 8 Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

Brief description of cause:
Violation of federal consumer protection statute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                                  DOCKET NUMBER

DATE
5/22/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 711 Locust Street Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Philadelphia County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 29 U.S.C. § 201 et seq.

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/22/2018    _____    87976
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/22/2018    _____    87976
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Wright

                    v.

Ristorante La Buca, Inc., et al.

               :          CIVIL ACTION

               :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)      (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| 5/22/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS J. WRIGHT, on behalf of himself and all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| RISTORANTE LA BUCA INC. d/b/a RISTORANTE LA BUCA; JEANIE GIULIANI; RICHARD GIULIANI; and DOE DEFENDANTS 1-10, | **JURY TRIAL DEMANDED** |
| Defendant(s) | |

Nicholas Wright ("Wright" or "Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at the restaurant operating under the trade name "Ristorante La Buca" ("La Buca" or the "Restaurant") and have been subject to the unlawful practices detailed herein.

2.      Upon information and belief, the employment practices complained of herein was applicable to all Tipped Employees employed at the Restaurant, as Defendants (defined hereafter) utilized common labor policies and practices.   Accordingly, Defendants are responsible for the employment practices complained of herein.

3.      La Buca employs individuals as "servers" ("waiters" and "waitresses"), "bartenders," "bussers," and "food runners" (collectively, "Tipped Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

4.      As explained in detail below, La Buca systematically and willfully deprived

Plaintiff and Tipped Employees of minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, and the Pennsylvania Wage Payment Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*, by, among other things, failing to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA.

5. Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit," Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

6. Moreover, as detailed below, La Buca violated the WPCL, by agreeing to pay Plaintiff and, upon information and belief, other Tipped Employees $2.83 per hour and then advising them that they would only be paid a straight $12.00 per shift.

7. As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

8. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

9. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

10. In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the PMWA and the

WPCL (collectively, the "PA State Laws").

11.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for La Buca in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

12.     The Collective Class and the PA Class are hereafter collectively referred to as the "Classes."

13.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendants for hours worked for which Defendants failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA.

14.     Plaintiff alleges on behalf of the PA Class that La Buca violated the PA State Laws by failing to comply with the tip credit provisions, as required by law, and consequently failing to pay them the appropriate minimum wages for all hours worked.  Plaintiff further alleges Defendants violated the PA State Laws by not paying the members of the PA Class their agreed upon hourly wage.

## **PARTIES**

15.     Plaintiff Nicholas Wright ("Plaintiff") is a resident of the Commonwealth of Pennsylvania, who was a Tipped Employee employed by La Buca as a "server" in the Commonwealth of Pennsylvania.  While employed as a Tipped Employee, Defendant failed to compensate Plaintiff properly for all hours worked.

16.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  His executed Consent To Sue form is attached hereto as Exhibit "A."

17.     Defendant Ristorante La Buca Inc. ("La Buca Inc.") operates "Ristorante La Buca" in Philadelphia, PA; specifically, at 711 Locust Street.  La Buca Inc. employs Tipped Employees at this location.  At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the Commonwealth of Pennsylvania, including within this district.

18.     Defendant Jeanie Giuliani is a resident of the Commonwealth of Pennsylvania, who, along with her husband Richard Giuliani, owns and operates La Buca Inc.  In her capacity as owner and operator of La Buca Inc., Defendant Jeanie Giuliani exercises sufficient control over the labor policies and practices of the La Buca restaurant complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and PA State Laws.

19.     Defendant Richard Giuliani is a resident of the Commonwealth of Pennsylvania, who, with his wife Jeanie Giuliani, owns and operates La Buca Inc.  In his capacity as owner and operator of La Buca Inc., Defendant Richard Giuliani exercises sufficient control over the labor policies and practices of the La Buca restaurant complained of herein to be considered the employer of Plaintiff and the Classes for the purposes of the FLSA and PA State Laws.

20.     Collectively La Buca, Inc., Jeanie Giuliani and Richard Giuliani shall be referred to as "Defendants."

21.     Upon information and belief, Defendants are a single and joint employer with a high degree of interrelated and unified operations.  Each of these Defendants shares the common labor policies and practices complained of herein.

22.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become

known to Plaintiff.  Plaintiff believes there are additional La Buca entities employing Tipped Employees that have not been identified yet.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the Defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship. Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

### JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

24.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative facts.

25.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

26.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### FACTUAL ALLEGATIONS

27.     The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are entitled to be paid mandated minimum wages for all hours worked.

28.     Contrary to these basic protections, Plaintiff and the members of the Classes were deprived of the mandated minimum wage for all hours they worked.

29.     Plaintiff and the members of the Classes are (or were) Tipped Employees

employed by Defendants.

30.     Upon information and belief, Defendants' restaurant(s) operate under uniform policies/procedures applicable to all members of the Classes, including subjecting Tipped Employees to the unlawful pay practices complained of herein.

**Plaintiff's Experience Working For Defendants**

31.     As set forth above, Plaintiff was employed by Defendants as a "server" in the La Buca restaurant, located on Locust Street in the Commonwealth of Pennsylvania.  Plaintiff worked at this location from in or about April 2018 through May 15, 2018.

32.     Upon being hired, Defendant and Plaintiff agreed that Plaintiff would initially be paid an hourly cash wage of $2.83 from Defendants and earned tips from customers who chose to leave him a gratuity.

33.     Plaintiff does not ever recall his hourly wage being raised above $2.83 for any day he worked for La Buca, irrespective of the amount of tips he earned or the type of work he performed.

34.     However, within days of starting at La Buca, Plaintiff was told his compensation was being unilaterally changed to a flat $12.00 per shift.  This flat shift pay was irrespective of the number or hours he worked, the amount of tips he received, or the type of work he performed.

35.     Plaintiff recalls that Jeanie Giuliani was the individual who advised him of this unilateral change in his compensation structure.

36.     During his employment with La Buca, Plaintiff typically worked at least five (5) days per week.  Plaintiff typically arrived at work at 4:00 p.m. and left work at 10:30 p.m. or later.  Plaintiff recalls one evening where he worked until nearly midnight.

37.     Upon arriving at work, Plaintiff spent his time polishing glassware and doing other prep work before the restaurant opened for the dinner crowd, which was usually at 5:00 p.m.

38.     After the restaurant closed to the public at 10:00 p.m. and his last table left, Plaintiff spent the remainder of his work time performing breakdown work and cleaning the restaurant.

39.     The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendants' employment and/or payroll records.

40.     Plaintiff believes that the compensation and work policies described herein applied to both him and all the other Tipped Employees as, at no time, was he informed that a policy was unique to him.  Rather, he was constantly told that a particular policy or practice was simply the way things were done at La Buca and that he should be a team player.

**The Tip Credit Provision & Requirements**

*FLSA Requirements*

41.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants initially chose to take a tip credit and pay these employees less than the applicable minimum wage.

42.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the tip credit wage paid by the employer equals at least the applicable minimum wage.[1]

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the

43.     The applicable requirements for an employer to claim a tip credit under federal law are set forth in 29 C.F.R. § 531.59.

44.     The Department of Labor ("DOL") has set forth these requirements in an easy to ready Fact Sheet, specifically "Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)"("Fact Sheet #15").

45.     Fact Sheet #15 specifically states that:

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

46.     As is made plain in both 29 C.F.R. § 531.59 and Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

47.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the Tipped Employee and that amount must equal at least $2.13 per hour.

48.     Second, the employer must notify the Tipped Employee of the amount the employer is claiming as a tip credit.  In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

49.     Third, the employer must inform the Tipped Employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

---

minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

8

50.     Indeed, the federal regulation specifically states: "If the employee received less than the maximum tip credit amount in tips, the employer is required to pay the balance so that the employee receives at least the minimum wage with the defined combination of wages and tips." 29 C.F.R. § 531.59(b).[2]

51.     Fourth, the employer must notify the Tipped Employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

52.     Finally, the Tipped Employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

53.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[3] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

54.     As set forth herein, Defendants failed to comply with certain of the FLSA's provisions regarding the claiming of a tip credit.

***Pennsylvania's Requirements***

55.     Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements.  *See* 43 P.S. § 333.103(d).

56.     Importantly, however, Pennsylvania mandates a higher minimum cash wage and

---

[2] For example, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

[3] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

requires employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.[4]

57.     As such, an employer cannot be said to have complied with Pennsylvania's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters, as said posters do not explicitly identify the tip credit amount in Pennsylvania (as it differs from the FLSA tip credit amount).

58.     In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

(i)     A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

(ii)    Weekly or monthly amount reported by the employee, to the employer, of tips received.  This may consist of reports made by the employees to the employer on IRS Form 4070;

(iii)   Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage.  The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

(iv)    Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time

---

[4] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee.  *See* 43 P.S. § 333.103(d).

payment made by the employer for such hours; and

(v)    Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

**Defendants' Failure to Notify Tipped Employees**

59.    As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of, if that employer intends to claim a tip credit.

60.    Rather than comply with the notification requirements set forth in Fact Sheet #15 and the applicable regulations or pay the mandated minimum wage, Defendants chose to simply pay their Tipped Employees either $2.83 per hour or a straight shift pay of $12.00 per shift.

61.    Consequently, Defendants failed to inform their Tipped Employees of (i) their intention to take the tip credit, and (ii) the amount Defendants intended to claim as a tip credit. In addition, for those shifts where Tipped Employees were only paid a straight shift pay of $12.00 per shift, Defendants failed to comply with the mandate that employers in Pennsylvania pay an hourly cash wage of at least $2.83.

62.    The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, including paying employees for all hours worked, that employer forfeits the tip credit and must pay the employee the full minimum wage.

63.    Indeed, Plaintiff does not ever recall being notified by La Buca that it intended to take a "tip credit," nor how much that amount would be.

64.    Moreover, Defendants cannot credibly claim compliance with the tip credit provisions as (i) Plaintiff was paid a straight shift pay of $12.00 per shift (irrespective of the hours he worked during that shift) and (ii) was told he needed to participate in a tip pool where

management also participated.  These policies/practices are in clear contravention of the strict mandates of the tip credit provisions.

65.     Defendants also failed to comply with 43 P.S. § 231.34, insofar as they failed to notify employees in writing whenever the tip credit claimed by Defendants changed.  Rather, Defendants either (i) took the maximum tip credit permissible irrespective of whether its Tipped Employee actually earned sufficient tips to substantiate the tip credit claimed or (ii) paid Tipped Employees a straight shift pay of $12.00 thereby wholly failing to comply with any provision of the tip credit requirements.

66.     Defendants also failed to comply with 43 P.S. § 231.34, insofar as they failed to notify employees in writing of the hours worked where the Tipped Employee did not receive tips.  Rather, Defendants either (i) took the maximum tip credit permissible for every hour worked by its Tipped Employees, including Plaintiff, irrespective of whether its Tipped Employees were engaged in tip generating work or (ii) paid Tipped Employees a straight shift pay.

67.     Rather than comply with Pennsylvania's clear mandate that employees be paid the full minimum wage when performing non-tip generating work (such as polishing glassware, performing breakdown work, or during training), Defendant paid its Tipped Employees in the same manner regardless of the fact that these employees could not generate any tips during this time.

68.     In addition, Plaintiff was also told that he was required to share his tips with management.  The individual who told Plaintiff that he was required to pool his tips with management was "Ibrahim."

69.     This also constitutes a violation of the tip credit provisions as the case law is

12

clear: once a manager participates in a tip pool, that tip pool is deemed invalid.

70.     When Plaintiff complained of being forced to share his tips with management, he and Defendants agreed to part ways.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to the FLSA.  Plaintiff also brings this action as a class action pursuant to Fed.R.Civ.P. 23 on behalf of himself and the PA Class for claims under the PA State Laws.

72.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class pursuant to Fed.R.Civ.P. 23.

73.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.[5]

74.     Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

75.     The claims of Plaintiff are typical of the claims of the Classes he seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

---

[5] Indeed, while La Buca is a relatively small restaurant, it is Plaintiff's understanding – from his working there – that there has been significant turnover amongst the staff, including Tipped Employees.

76.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following: (i) whether Defendants have failed to pay the full minimum wage for each hour worked; (ii) whether Defendants satisfied each of the requirements in order to claim a tip credit against each hour worked; (iii) whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint; and (iv) whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages.

77.     Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent, and has retained competent and experienced counsel.

78.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

79.     Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

80.     Defendants have violated and, continue to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS
### (On Behalf of the Collective Class)

81.     Plaintiff, on behalf of himself and the Collective Class, re-alleges and

14

incorporates by reference the paragraphs above as if they were set forth again herein.

82.    Upon information and belief, at all relevant times, La Buca has had gross revenues in excess of $500,000.00.

83.    At all relevant times, La Buca has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

84.    At all relevant times, La Buca has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

85.    Pursuant to La Buca's compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage or, worse, paid them a straight shift-pay.

86.    La Buca has violated, and continues to violate, the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87.    Due to La Buca's FLSA violations, Plaintiff, on behalf of himself and the members of the Collective Class, are entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS**
**(On Behalf of the PA Class)**

88.    Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

89.    At all relevant times, La Buca has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

90.    Pursuant to La Buca's compensation policies, rather than pay Tipped Employees

the Pennsylvania mandated minimum wage, La Buca either (i) improperly took a tip credit or (ii) paid Tipped Employees a straight shift-pay.   The result of this conduct was that Tipped Employees were paid at a rate well below the Pennsylvania minimum wage.

91.     Pursuant to La Buca's compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage or, worse, paid them a straight shift-pay.

92.     At relevant times in the period encompassed by this Complaint, La Buca had a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

93.     As a result of Defendants' willful practices, La Buca was not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

94.     Defendants have violated and, continue to violate, the PMWA.

95.     Due to the Defendants' violations, Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### PENNSYLVANIA WAGE PAYMENT COLLECTION LAW
#### (On Behalf of the PA Class)

96.     Plaintiff, on behalf of himself and the members of the PA Class, re-alleges and incorporate by reference the paragraphs above as if they were set forth again herein.

97.     At all relevant times, La Buca has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

98.     Pursuant to the WPCL, Plaintiff and the members of the PA Class were entitled to

receive all compensation due and owing to them on their regular payday.

99.     As a result of La Buca's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

100.     For example, Defendants unilaterally altered the compensation scheme Plaintiff had agreed to – payment of $2.83 an hour plus tips – to a straight shift pay of $12.00 per shift, irrespective of the number of hours worked in that shift.

101.     Plaintiff, on behalf of himself and the members of the PA Class, are entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the Collective Class and members of the PA Class respectfully requests the Court grant the following relief:

A.     Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.     Designation of the action as a class action under Fed.R.Civ.P. 23 on behalf of the PA Class;

C.     Designation of Plaintiff as representative of the Collective Class and the PA Class;

D.     Designation of Plaintiff's counsel as class counsel for the Collective Class and the PA Class;

E.     A declaratory judgment that the practices complained of herein are unlawful

under the FLSA, PMWA, and WPCL;

F.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.     An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.     An award of liquidated damages to Plaintiff and members of the Classes;

I.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

J.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>May 22, 2018</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**


_____
Arkady "Eric" Rayz, Esquire
Demetri A. Braynin, Esquire
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III, Esquire
Robert J. Gray, Esquire
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff(s) and the Proposed Class

# EXHIBIT "A"

## <u>CONSENT TO BECOME A PARTY PLAINTIFF</u>

1.      I, Nicholas J. Wright, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 <u>et</u> <u>seq.</u>

2.      During the applicable period, I was an employee of Defendants and was not paid the mandated minimum wage for all hours worked.

3.      By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' improper use of a tip credit and failure to pay minimum wages as required under federal law.

May 21st 2018
_____
Date

_Nicholas J. Wright_
Print Name

_[signature]_
Signature