IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS J. WRIGHT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-2207** |
| | : | |
| **RISTORANTE LA BUCA INC.,** *et al* | : | |

## ORDER

**AND NOW**, this 26th day of October 2018, following discovery on conditional certification and class certification under our July 6, 2018 Order (ECF Doc. No. 8) and after considering Plaintiff's Motion (ECF Doc. No. 22) to conditionally certify a Fair Labor Standards Act collective action and a rigorous factual analysis necessary to certify a class action under Fed.R.Civ.P. 23, Defendant's Response (ECF Doc. No. 34), Plaintiff's Reply (ECF Doc. No. 37) and for reasons in the accompanying Memorandum, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 22) is **GRANTED** on the collective action but **DENIED** on class certification under Fed.R.Civ.P. 23 upon our findings:

**I.  We conditionally certify a collective action under the Fair Labor Standards Act.**

1.  We conditionally certify this action to proceed as a collective action under the Fair Labor Standards Act on behalf of: **All tipped employees who worked for Defendants during the last three years.**

2.  **Collective Findings.** Plaintiff makes a modest factual showing Ristorante La Buca's tipped employees are "similarly situated." Plaintiff adduced evidence Ristorante La Buca failed to provide him sufficient notice of its utilization of the tip credit. This evidence is sufficient to satisfy our first-tier review of Plaintiff's "modest factual showing" all tipped

employees are "similarly situated" for purposes of receiving tip credit notification from Ristorante La Buca.

3. **List of persons in the collective.** Defendants, no later than **November 2, 2018**, shall produce a list, in electronic and importable format, of all persons they employed at Ristorante La Buca utilizing a tip credit during the last three years, including their name, job title, address, email address, telephone number, dates of employment, date of birth, and last four digits of their Social Security number.

4. **Draft Notice to the collective.** Plaintiff shall provide Defendants' counsel with a draft court-facilitated notice and protocol no later than **November 2, 2018**. Defendants shall offer comments upon the draft and protocol to Plaintiff's counsel by **November 6, 2018**, and Plaintiff shall move for approval of his proposed Court-facilitated notice with a memorandum not exceeding ten (10) pages identifying all areas of disagreement on the notice in an attached black-lined version of the proposed Notice on or before **November 9, 2018**. Defendants may file memoranda not exceeding ten (10) pages explaining their dispute with the proposed protocol or proposed black-lined notice on or before **November 13, 2018**.

II. **We deny the motion to certify a Rule 23(b)(3) class action under Pennsylvania Law.**

5. Plaintiff has not, by a preponderance of the evidence, shown joinder of twenty or twenty-two employees known to him and who already enjoy the right to opt into the Federal Law claims and be represented by the same counsel cannot practically join into his Pennsylvania state law claims.

6. Plaintiff may move for class certification with additional evidence meeting his burden under Rule 23(b)(3) consistent with our Policies and July 6, 2018 Order (ECF Doc. No.

8) no later than **November 30, 2018** with a response, if warranted by the Law, no later than **December 10, 2018.**

KEARNEY, J.