IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS J. WRIGHT, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RISTORANTE LA BUCA INC. d/b/a RISTORANTE LA BUCA; JEANIE GIULIANI; ANTHONY GIULIANI; and DOE DEFENDANTS 1-10,<br><br>Defendant(s). | Civil Action No.: 2:18-cv-02207-MAK |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

Page(s)

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 1
COLLECTIVE ACTION……………………………………………………………………….1

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 2
BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE……………………….2

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 3
SUBSTANTIVE LAW……………………………………………………………………………3

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 4
FAIR LABOR STANDARDS ACT……………………………………………………………4

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 5
FAIR LABOR STANDARDS ACT – MINIMUM WAGE…………………………………... 6

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 6
FAIR LABOR STANDARDS ACT - INADEQUATE RECORDS OF HOURS WORKED……7

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 7
RIGHTS TO MINIMUM WAGE NON-WAIVABLE…………………………………………...8

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 8
FAIR LABOR STANDARDS ACT – WILLFULNESS………………………………………9

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 9
FAIR LABOR STANDARDS ACT – DAMAGES……………………………………….…10

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 10
FAIR LABOR STANDARDS ACT – INDIVIDUAL LIABILITY…………………………….11

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 11
PENNSYLVANIA MINIMUM WAGE ACT - MINIMUM WAGE…………………………...12

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 12
PENNSYLVANIA MINIMUM WAGE ACT…………………………………………………...13

PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 13
PENNSYLVANIA MINIMUM WAGE ACT – DAMAGES………………………………….. 14

## PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 1
### COLLECTIVE ACTION

Plaintiff Wright is bringing suit on behalf of himself and other plaintiffs similarly situated to him; namely the servers who worked at Defendant Ristorante La Buca, Inc. By doing this, he is bringing a collective action under federal law. Collective actions allow the filing of one lawsuit by a representative on behalf of a group of similarly situated workers.[1] In a motion previously filed with this Court, this lawsuit was granted certification as a collective action under federal law.[2] It is important for you to understand that the granting and/or denial of certification does not affect the merits of Plaintiff's legal claims against Defendants. You should not hold the physical absence of any collective action member against Plaintiff Wright. Your verdict here will be binding on the two other members of the federal collective action who joined the lawsuit. I have already decided that the two other servers who joined the federal collective action are similarly situated to Plaintiff Wright.

**Authority:**

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 161)(Amended Court's Proposed Jury Instructions)(Modified)

---

[1] 29 U.S.C. § 216(b).

[2] Docket No. 39

1

# PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 2
## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff Wright is the class representative who brought this lawsuit. Every time I say Wright I also mean the other 2 Servers he represents. Every time I say Defendants or LaBuca, those are the individuals and the entity that the lawsuit has been filed against. Wright has the burden of proving his case by what is called the preponderance of the evidence. That means Wright has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Wright and the evidence favorable to LaBuca on opposite sides of the scales, Wright would have to make the scales tip somewhat on her side. If Wright fails to meet this burden, the verdict must be for LaBuca. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term proof beyond a reasonable doubt. That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Authority:**

Third Circuit Pattern Jury Instructions - Civil, 2017 ed., Jury Instruction 1.10.

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 161)(Amended Court's Proposed Jury Instructions)

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 3**
### **SUBSTANTIVE LAW**

In this case, Nicholas Wright is suing under both federal law and state laws. The federal law Wright is suing under is the Fair Labor Standards Act ("FLSA"), a federal law passed by Congress. This federal law, the FLSA, provides a remedy to people who believe they have been deprived of federally mandated minimum wages. The claims under federal law have been brought by Wright as a collective action. A collection active allows other Servers to join the suit. Two other Servers have joined the collective action.

Wright also brings an action under Pennsylvania state law. The Pennsylvania state law claims have been brought under the Pennsylvania Minimum Wage Act.

The federal law and state law claims are for unpaid minimum wages.

**Authority:**

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 161)(Amended Court's Proposed Jury Instructions)

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 4**
### **FAIR LABOR STANDARDS ACT**

The federal collective action in this case is based on the Fair Labor Standards Act. This federal law provides for the payment of minimum wages. I will refer to the Fair Labor Standards Act as either the FLSA or the federal law. In the federal collection action Plaintiff Wright brings claims under the FLSA on behalf of himself and 2 other Servers who joined his federal claims. I will refer to the 2 Servers that joined Wright's federal claims as the "Collective Class."

Wright and the Collective Class allege that LaBuca, did not pay him and Collective Class the federal minimum wage of $7.25 per hour.

The Court has already found, as a matter of law, that LaBuca failed to pay Wright and the Collective Class minimum wage for all hours worked.[3] Rather than pay minimum wage for all hours worked, LaBuca simply paid its servers $12 for each shift worked.

It is unlawful for an employer to require an employee covered by the federal law to work for less than minimum wage.

To succeed on their federal law claims, Wright and the Collective Class must prove each of the following facts by a preponderance of the evidence:

1.	Wright and the Collective Class members were employees of LaBuca during the relevant period;

2.	Wright and the Collective Class were engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 for each year during the applicable period; and

3.	LaBuca failed to pay Wright and the Collective Class the minimum wage.

---

[3] Docket No. 35

4

The Court has already determined that Wright and the other Servers were not paid minimum wage by LaBuca. Therefore, you do not need to make that determination.

**Authority:**

29 U.S.C. § 207

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 160)(Court's Proposed Jury Instructions)

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 5**
## **FAIR LABOR STANDARDS ACT – MINIMUM WAGE**

The minimum wage required by the FLSA during the period involved in this case was $7.25 per hour.

**Authority:**

29 U.S.C. § 206(a)(1)(C)

## PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 6

## FAIR LABOR STANDARDS ACT - INADEQUATE RECORDS OF HOURS WORKED

The federal law, the FLSA, requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Wright and the Collective Class claim that LaBuca failed to keep and maintain adequate records of their hours worked. Wright and the Collective Class also claim that LaBuca's failure to keep and maintain adequate records has made it difficult for Wright and the Collective Class to prove the exact amount of their claim.

The Court has already determined that LaBuca failed to keep adequate time and pay records for Wright and the Collective Class.[4] Therefore, you do not need to make that determination. Accordingly, Wright and the Collective Class may recover a reasonable estimation of the amount of their damages. But to recover this amount, Wright and the Collective Class must prove by a preponderance of the evidence a reasonable estimate of the amount for which they seek pay.

**Authority:**

29 C.F.R. 516.2

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 160)(Court's Proposed Jury Instructions)

---

[4] Docket No. 35

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 7**
### **RIGHTS TO MINIMUM WAGE NON-WAIVABLE**

An individual employee's rights for minimum wage compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

**Authority:**

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 8**
## **FAIR LABOR STANDARDS ACT - WILLFULNESS**

If you find that LaBuca violated the federal law, the FLSA, then you must determine if LaBuca acted with willfulness. LaBuca acted with willfulness if it knew or showed reckless disregard for the fact that its conduct was prohibited by the federal law. The burden of proof of non-willfulness falls on LaBuca.

The word "willful" is widely used in law and refers to conduct that is not merely negligent or unreasonable.

But again, in this context willfulness means that LaBuca knew or showed reckless disregard for the fact that its failure to pay federally required minimum wages was unlawful.

**Authority:**

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 160)(Court's Proposed Jury Instructions)

9

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 9**
### **FAIR LABOR STANDARDS ACT - DAMAGES**

Because the Court has already determined Defendant LaBuca violated the federal law, the FLSA, then you must determine the amount of any damages.

The amount of damages is the difference between the amount Wright and the Collective Class should have been paid and the amount they were actually paid by LaBuca. Wright and the Collective Class are entitled to recover lost wages for the two years before he filed this lawsuit, unless you find that LaBuca acted willfully in violating the federal law. Two years before this suit was filed is May 25, 2016. If you find that LaBuca acted willfully in violating the federal law, then Wright and the Collective Class are entitled to recover lost wages going back as far as three years before the date Wright filed this lawsuit. Wright filed this lawsuit on May 25, 2018.

Similarly, if you find that LaBuca acted willfully in violating the federal law, then the Collective Class members are entitled to recover lost wages going back as far as three years before they joined this lawsuit. The Collective Class members joined this lawsuit on the dates reflected in a table that will be provided to you. (Table showing docket entry dates of Plaintiffs' opt-in forms will be provided).

**Authority:**

11th Circuit Model Jury Instructions - Civil, 2019 ed., Jury Instruction 4.14

29 U.S.C. § 255(a)

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 160)(Court's Proposed Jury Instructions)

## PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 10
### FAIR LABOR STANDARDS ACT – INDIVIDUAL LIABILITY

Under the FLSA, individuals may be found personally liable for violations of the FLSA. The definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

(1)  To be held personally liable under the FLSA, an individual must exercise supervisory authority over the complaining employee and be responsible in whole or part for the alleged violation in question.

If you find that the individuals named as defendants in this lawsuit, Jeanie Giuliani and Anthony Giuliani, were involved in the day-to-day functions and management of the LaBuca restaurant, and exercised control over the decision to not pay Wright and the Collective Class minimum wage for all hours worked, then you may find them liable for the damages owed to Wright and the Collective Class, in addition to the entity LaBuca.

**Authority:**

29 U.S.C.S. § 203

*Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 153 (3d Cir. 2014)

## **PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 11**

### **PENNSYLVANIA MINIMUM WAGE ACT - MINIMUM WAGE**

The minimum wage required by the PMWA during the period involved in this case was $7.25 per hour.

**Authority:**

43 P.S. § 333.113

**PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 12**
**PENNSYLVANIA MINIMUM WAGE ACT**

This case also involves claims under Pennsylvania state law, one of those state law claims is under the Pennsylvania Minimum Wage Act. I will refer to this as the Pennsylvania minimum wage law. In his Pennsylvania minimum wage law claim, Plaintiff Nicholas Wright claims that LaBuca did not pay him the state minimum wage of $7.25 per hour.

To succeed on his Pennsylvania minimum wage claim, Wright must prove each of the following facts by a preponderance of the evidence:

1. Wright was an employee of LaBuca during the relevant period; and

2. LaBuca failed to pay Wright the minimum wage as required by Pennsylvania law.

The Court has already determined that Wright was not paid the state minimum wage for all hours worked.[5] Therefore, you do not need to make that determination.

**Authority:**

*Verma v. 3001 Castor, Inc.*, No. 13-cv-3034-ABB (E.D. Pa.) (Dckt. No. 161)(Amended Court's Proposed Jury Instructions)

---

[5] Docket No. 35.

13

**PROPOSED SUBSTANTIVE JURY INSTRUCTION NO. 13**
**PENNSYLVANIA MINIMUM WAGE ACT - DAMAGES**

Because the Court has already determined that LaBuca violated the Pennsylvania minimum wage law, you must now determine the amount of any damages.

The amount of damages is the difference between the amount Wright should have been paid and the amount he was actually paid by LaBuca. Wright is entitled to recover lost wages going back as far as three years before Wright filed this lawsuit. He filed this lawsuit on May 25, 2018.

**Authority:**

43 P.S. § 333.113