## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement" or "Agreement") is made as of this ____ day of _____, 2019 (the "Execution Date"), and is by and between **Nicholas J. Wright** ("Wright" or "Plaintiff"), Derek Leap ("Leap" or "Opt-In Plaintiff") and Matthew Rajczyk ("Rajczyk" or "Opt-In Plaintiff") on the one hand, and **Ristorante La Buca, Inc., d/b/a Ristorante La Buca, Jeanie Giuliani,** and **Anthony Giuliani** (collectively "Defendants") on the other hand (together with Wright, Leap and Rajczyk, the "Parties").

WHEREAS, Plaintiff has presented certain claims against Defendants, arising out of Plaintiff's employment with Defendants as more fully set forth in Plaintiff's Amended Complaint filed in the United States District Court for the Eastern District of Pennsylvania entitled **Nicholas J. Wright, on behalf of himself and all others similarly situated v. Ristorante La Buca, Inc., d/b/a Ristorante La Buca; Jeanie Giuliani; Anthony Giuliani; and Doe Defendants 1-10**, Docket No. 18-2207 ("the Lawsuit"); and

WHEREAS, the Court granted Plaintiff's motion for conditional certification of his federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), on October 26, 2018; and

WHEREAS, Opt-In Plaintiffs Leap and Rajczyk (together, the "Opt-In Plaintiffs") filed their consent to join the FLSA collection action; and

WHEREAS, the Court granted in part Plaintiff's motion for summary judgment on October 22, 2018; and

WHEREAS, Plaintiff, Opt-In Plaintiffs, Defendants and their attorneys have balanced the benefits of settlement with the costs of further litigation; and

WHEREAS, Plaintiff, Opt-In Plaintiffs, Defendants and their attorneys believe that the settlement reached and outlined in this Agreement is in the best interest of Plaintiff, Opt-In Plaintiffs and Defendants and represents a fair, reasonable and adequate resolution of the claims asserted

NOW THEREFORE, with the foregoing background being incorporated herein by reference, and made part thereof, Defendants agree to pay the sum of **FIFTY NINE THOUSAND THREE HUNDRED EIGHTY ONE AND 00/100 ($59,381.00) DOLLARS (the "Settlement Payment") within thirty (30) calendar days of the date the Court grants approval to the Settlement**, in full and final satisfaction of the following: 1) all of Plaintiff's claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* and the Wage Payment and Collection Law, 43 Pa. S. § 260.1, *et seq.,* ("WPCL"); 2) all of the Opt-In Plaintiffs' claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"); and 3) the costs and fees incurred by Plaintiff's counsel in pursuing both Plaintiff's and the Opt-In Plaintiffs' claims. The Settlement Payment shall be payable by or on behalf of Defendants in the following form:

1) **One Thousand Five Hundred Seventy Seven Dollars and 12/100 ($) in damages and case contribution award to Plaintiff.** The payment to Plaintiff shall be payable in three checks: One check is for wages in the amount of $254.25 payable to "Nicholas Wright" less all applicable payroll withholding, including Social Security, federal, state and local taxes, and shall be reported on a Form W-2; the second check is for liquidated damages in the amount of $254.25 made payable to "Nicholas Wright" and shall not be subject to payroll withholdings and shall be reported on Form 1099; and, upon approval by the Court, the third check will be a "Case Contribution Award" in the amount of $1,068.62 payable to "Nicholas Wright," which represents 10% of the liquidated damages Defendants have agreed to pay to the Opt-In Plaintiffs as part of this Settlement Agreement. The Case Contribution Award recognizes Plaintiff's efforts in maintaining this action, including preparing and sitting for a deposition. But for the efforts of Plaintiff, the Opt-In Plaintiffs would likely not have received any recovery from Defendants. The Opt-In Plaintiffs have authorized this Case Contribution Award and understand they are allocating a portion of their liquidated damages.

   In consideration for the mutual promises and covenants contained herein, Plaintiff does hereby remise, release, and forever discharge, and by these presents, does for his successors, administrators, assigns, heirs and executors, remises, releases, and forever discharges Defendants and their respective past and present directors, officers, trustees, attorneys, insurers, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors, and successors in interest and assigns, of and from any and all claims, demands, obligations, actions, causes of action, liens, rights, damages, costs, expenses, attorneys' fees and compensation of any nature whatsoever, whether based on a federal or state statute, constitution, local ordinance or common law, for compensatory damages, punitive damages, equitable relief, attorneys' fees or costs, or other type of damages or relief which Plaintiff brought or could have brought in the Lawsuit on account of Plaintiff's employment or separation of Plaintiff's employment with Defendants arising under the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Minimum Wage Act. ("Wright Release of Claims").

2) **Nineteen Thousand Seventy Five Dollars and 05/100 ($) in damages to Opt-In Plaintiff Derek Leap.** The payment to Leap shall be payable in two checks: One check is for wages in the amount of $10,039.50 payable to "Derek Leap" less all applicable payroll withholding, including Social Security, federal, state and local taxes, and shall be reported on a Form W-2; the second check is for liquidated damages in the amount of $9,035.55 payable to "Derek Leap" and shall not be subject to payroll withholdings and shall be reported on Form 1099.

   In consideration for the mutual promises and covenants contained herein, Opt-In Plaintiff Leap acknowledges that he is being fully compensated for all possible wages due and owing for all hours worked for Defendants during the statutory period covered by the Lawsuit and does hereby remise, release, and forever discharge, and by these presents, does for his successors, administrators, assigns, heirs and executors, remises, releases, and forever discharge Defendants and their respective

past and present directors, officers, trustees, attorneys, insurers, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors, and successors in interest and assigns, of and from any and all claims, demands, obligations, actions, causes of action, liens, rights, damages, costs, expenses, attorneys' fees and compensation of any nature whatsoever, whether based on a federal or state statute, constitution, local ordinance or common law, for compensatory damages, punitive damages, equitable relief, attorneys' fees or costs, or other type of damages or relief arising under the Fair Labor Standards Act. ("Leap Release of Claims").

3) **One Thousand Two Hundred Twenty Eight Dollars and 83/100 ($) in damages to Opt-In Plaintiff Matthew Rajczyk.** The payment to Rajczyk shall be payable in two checks: One check is for wages in the amount of $646.75 payable to "Matthew Rajczyk" less all applicable payroll withholding, including Social Security, federal, state and local taxes, and shall be reported on a Form W-2; the second check is for liquidated damages in the amount of $582.08 payable to "Matthew Rajczyk" and shall not be subject to payroll withholdings and shall be reported on Form 1099.

In consideration for the mutual promises and covenants contained herein, Opt-In Plaintiff Rajczyk acknowledges that he is being fully compensated for all possible wages due and owing for all hours worked for Defendants during the statutory period covered by the Lawsuit and does hereby remise, release, and forever discharge, and by these presents, does for his successors, administrators, assigns, heirs and executors, remises, releases, and forever discharge Defendants and their respective past and present directors, officers, trustees, attorneys, insurers, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors, and successors in interest and assigns, of and from any and all claims, demands, obligations, actions, causes of action, liens, rights, damages, costs, expenses, attorneys' fees and compensation of any nature whatsoever, whether based on a federal or state statute, constitution, local ordinance or common law, for compensatory damages, punitive damages, equitable relief, attorneys' fees or costs, or other type of damages or relief arising under the Fair Labor Standards Act. ("Rajczyk Release of Claims").

4) **Thirty Seven Thousand Five Hundred Dollars and 00/100 for attorney's fees and costs payable in one check to Connolly Wells & Gray, LLP.**

The checks payable to Plaintiff and the Opt-In Plaintiffs, as described herein, shall be provided by Defendants to Plaintiff's counsel for distribution to Plaintiff and the Opt-In Plaintiffs.

Plaintiff and the Opt-In Plaintiffs hereby expressly waive and assume the risk of any and all claims for damages, costs, fees, attorneys' fees or expenses relating to unpaid compensation which exist as of this date, but which the Plaintiff and Opt-In Plaintiffs do not know of or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this Release. Plaintiff and the Opt-In Plaintiffs specifically further agree that they have accepted payment of the sums and the

consideration specified herein as complete recovery for all wages due and owing to them from Defendants during the statutory period covered by the Litigation.

Plaintiff agrees to expressly release, waive and forever discharge any and all claims for attorneys' fees, costs and expenses pursuant to the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Minimum Wage Act and/or pursuant to common law and/or pursuant to any other statute or ordinance which may be deemed applicable to this Lawsuit.

Opt-In Plaintiffs agree to expressly release, waive and forever discharge any and all claims for attorneys' fees, costs and expenses pursuant to the Fair Labor Standards Act applicable to this Lawsuit.

Notwithstanding the above paragraphs, Plaintiff and the Opt-In Plaintiffs retain the right to assert any claims that they may have for breach of the provisions of this Agreement, to enforce this Agreement, or to assert claims that may arise after the Execution Date of this Agreement.

Plaintiff and the Opt-In Plaintiffs agree that the terms and conditions of this Agreement shall remain confidential as between the parties and that they shall not disclose them to any other person, except to their immediate family members, attorneys, accountants and/or financial advisors for the purpose of appropriately accounting for the payments under this Agreement or as required by law. Without limiting the generality of the foregoing, Plaintiff and the Opt-In Plaintiffs agree that they will not respond to or in any way participate in or contribute to any public discussion, notice or other publicity concerning, or in any way relating to, the execution or terms and conditions of this Agreement. Again, without limiting the generality of the foregoing, Plaintiff and the Opt-In Plaintiffs specifically agree that they shall not disclose information regarding this Agreement to any current or former employee of Defendants. Notwithstanding any provision of this paragraph, Plaintiff and the Opt-In Plaintiffs agree that Defendants shall have the right to obtain injunctive relief, without the requirement of posting a bond, from a court of competent jurisdiction for any potential or alleged breach of confidentiality.

Plaintiff and the Opt-In Plaintiffs agree not to engage in any conduct or make or authorize any statement (oral or written) that would disparage Defendants, Defendants' past, present, and future directors, officers, subsidiaries, or make to, or solicit for, the media or others, any comments, statements, and the like that may be considered to be derogatory or detrimental to the good name or business reputation of Defendants. Likewise, Defendants agree that its management will not engage in any conduct or make or authorize any statement (oral or written) that would disparage Plaintiff or the Opt-In Plaintiffs.

Plaintiff and the Opt-In Plaintiffs agree and acknowledge that acceptance of the payment of the sums specified in this Settlement Agreement is a full and complete recovery of all sums owed to them for wages due and owing during the statutory period covered by the Lawsuit

Plaintiff and the Opt-In Plaintiffs agree that Defendants may issue appropriate tax documents to Plaintiff, the Opt-In Plaintiffs, and their attorneys in the amount of the consideration set forth herein. Plaintiff and the Opt-In Plaintiffs agree that they shall be responsible for the payment of all applicable federal, state and local taxes on the payments made,

excluding the employer portion of Plaintiff's W-2 wages, as well as any costs, fines or penalties incurred as a result of the failure to pay such taxes. Plaintiff and the Opt-In Plaintiffs agree not to make any claims against the Defendants or any other person based on how the Defendants report amounts paid under this Agreement to tax authorities, provided Defendants report said amounts in accordance with this Agreement and in accordance with the withholding tax forms Plaintiff and Opt-In Plaintiffs provided to Defendants. Plaintiff and Opt-In Plaintiffs acknowledge that Defendants have not made any representations as to the tax consequences of this Settlement Agreement or the above-referenced payments. Plaintiff and the Opt-In Plaintiffs agree to indemnify, defend and hold Defendants harmless for any federal, state or local tax obligation in connection with the payments to him, excluding the employer portion of the W-2 wages, and to indemnify, defend and hold Defendants harmless for any taxes, costs, fines or penalties that may be assessed as a result of the payments made to them or their failure to pay all applicable federal, state and local taxes as required or tax liability that they might incur as result of the payments made to them as referenced above.

   Nothing in this Agreement shall be construed as tax advice to any Party. Each Party is encouraged to seek independent tax advice.

   Defendants acknowledge and agree that they do hereby fully and forever remise, release, acquit, and forever discharge Plaintiff and his counsel from any and every claim, counter-claim, demand, and cause of action arising from or related to the Lawsuit and/or that Defendants brought or could have brought in the Lawsuit.

   Plaintiff and Defendants agree and acknowledge that in the event that any third party, including any prospective employer, requires direct contact with Defendants for purposes of a verification of employment, the third party shall be directed by Plaintiff to contact Jeanie Giuliani or Anthony Giuliani, who will only provide information regarding Plaintiff's job title (Waiter) and dates of employment at Ristorante La Buca.

   No provision of this Settlement Agreement may be waived, altered, amended or modified in any respect or particular whatsoever except by written agreement duly executed by each of the parties to the Lawsuit. If any material provision of this Release is held to be invalid, void or unenforceable, the balance of its provisions will, nevertheless, remain in full force and effect and will in no way be affected, impaired or invalidated.

   This Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. There are no other understandings or agreements, verbal or otherwise, in relation thereto, between the Plaintiff, Opt-In Plaintiffs and Defendants.

   The Parties acknowledge and agree that this Agreement may be executed in one or more counterparts, which together shall constitute a single, integrated Agreement, and that a facsimile or electronic signature shall have the same force and effect as an original signature.

   The Parties agree that their attorneys shall execute and submit this Agreement to the Court. The Parties agree further that they shall take all subsequent steps necessary secure Court

approval of this Agreement. The Parties further agree that Plaintiff and the Opt-In Plaintiffs shall be deemed to have accepted fully the terms and conditions of this Agreement, including their respective Release of Claims herein, through signature and execution of this Agreement by his or her attorney(s). Plaintiff and Opt-In Plaintiffs shall further be deemed to have affirmed their full acceptance of the terms and conditions of this Agreement, including their respective Release of Claims herein, by negotiating or endorsing at least one of their settlement checks.

The Parties jointly request that the Court enter the proposed Order of Voluntary Dismissal with Prejudice that is attached hereto as **Exhibit 1** contemporaneously with its approval of this Agreement and thereby dismiss the Plaintiff's claims in this Lawsuit, with prejudice.

**THE REST OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK**

The Parties, through counsel, knowingly and voluntarily sign this Settlement Agreement and Release of Claims as of the date(s) set forth below:

| | |
|---|---|
| */s/ Richard J. Giuliani* | */s/ Gerald D. Wells, III* |
| Richard J. Giuliani, Esq. | Gerald D. Wells, III |
| The Bell Atlantic Tower | Stephen E. Connolly |
| 1717 Arch Street, Suite 3640 | **CONNOLLY WELLS & GRAY, LLP** |
| Philadelphia, PA 19103 | 2200 Renaissance Blvd., Suite 275 |
| Telephone: (215) 569-9002 | King of Prussia, PA 19406 |
| Email: richgiuliani@comcast.net | Telephone: (610) 822-3700 |
| | Facsimile: (610) 822-3800 |
| | Email: gwells@cwglaw.com |
| | sconnolly@cwglaw.com |
| ***Counsel for Defendants*** | ***Counsel for Plaintiff and the Opt-In Plaintiffs*** |