IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLAS J. WRIGHT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-2207** |
| | : | |
| **RISTORANTE LA BUCA INC.,** *et al* | : | |

# ORDER

**AND NOW**, this 28th day of March 2019, upon considering the parties' joint Motion to approve a settlement agreement under the Fair Labor Standards Act (ECF Doc. No. 60) and having found the Settlement Agreement describing a promise to pay compensation to the Plaintiff and Opt-In Plaintiffs (ECF Doc. No. 61) in exchange for a release of statutory rights but also permits a party to seek injunctive relief to preclude disclosure of the terms of the settlements, represents a fair and reasonable settlement of a *bona fide* dispute between the parties under the Fair Labor Standards Act including payment of reasonable attorney fees to Plaintiffs' counsel with necessary and limited costs and the settlement agreement otherwise furthers the Act's implementation in the workplace, but finding confidentiality is not warranted when the agreement is published on the docket (ECF Doc. No. 61), it is **ORDERED** the parties' joint Motion (ECF Doc. No. 60) is **GRANTED as modified to recognize the waiver of confidentiality**:

1. The settlement is **approved** as a fair and reasonable settlement of a *bona fide* dispute;

2. The parties' promises of mutual confidentiality enforceable by court action is waived by the public filing of the settlement agreement and otherwise may not be enforced to

penalize a party for breach of the confidentiality promise waived by the parties' required filing of a settlement for our review under the Fair Labor Standards Act[1];

    3.    The case is **dismissed** under Local Rule 41.1 based on the specific promises in the Settlement Agreement[2]; and,

    4.    The Clerk of Court shall **close** this case.

_____
KEARNEY, J.

---

[1] Confidentiality in FLSA settlements is generally disfavored, particularly when breach of the confidentiality may allow the employer to retaliate. *Compare Schwartz v. Pennsylvania State University*, No. 15-2176, 2017 WL 1386251, at *5 (M.D. Pa. Apr. 18, 2017) (employer agreed not to retaliate for a breach of confidentiality).

[2] Local Rule 41.1(b) provides:

> Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c).